## LOFTUS CUDDY ET AL. V. FRANK SCZEPANSKY.

PERSONS REPAIRING AND THOSE OPERATING MACHINERY ARE FELLOW SERVANTS.

A person employed to repair machinery, and keep it in repair, and an employee whose duty it is to operate the machinery, are fellow servants, where neither has control over the other.

ERROR to the Court of Common Pleas of Cuyahoga county.

HALE, J.

We hold that the court erred in the charge to the jury in submitting, as a proposition of law applicable to the case, the following:

"If the person to whom the defendants relegated and delegated the power of inspection, had charge, not only of the inspection, but the repair of the machinery so that it was the duty of the person, not only to inspect, but to make all necessary repairs thereon and had control of.

Cuddy v. Sczepansky.

that machine and appliances for that purpose, then the failure of the person thus authorized to act for the defendants in and about that business to exercise ordinary care in the inspection of the same, would be actionable negligence or, in other words, it would not come within the risks assumed by the plaintiff in entering the employ of the defendants."

In connection with this proposition, the court properly stated to the jury, in substance, that a person employed to inspect machinery in use and had simply the duty of inspection, in connection with the operation of the machinery, was a fellow servant of the plaintiff and his negligence in making the inspection and in failing to report to his employer would not be actionable negligence.

In McCafferty v. Dock Co., 5 Circ. Dec., 262, this court held that a person employed to repair and keep in repair machinery, was a fellow-servant of the employee whose duty it was to operate the machinery where neither had control over the other. The judgment of this court in that case was affirmed by the Supreme Court and is now followed by us.

If one employed solely to inspect and one employed solely to repair are fellow-servants of the employee operating the machinery, one charged with both duties necessarily is a fellow servant of such employee.

We can not hold as asked, that this charge was not prejudicial, under the facts of this case. Under this instruction, if the company, in fact, exercised the greatest care in the selection of the person to inspect and repair this machinery, and one in every way competent to perform the duties required in such employment, and also gave to such employee the most positive instructions to be careful and vigilant in the performance of such duties, and the jury had so found, but had further found that the injuries resulted from the negligence of such servant, the verdict must have been against the plaintiff in error, which certainly could not be justified.

We find no other error for which the case should be reversed.

Reversed and remanded for a new trial.

*Wilson & Friend*, for plaintiff in error.

*Johnson & Dunlap*, for defendant in error.